**Paragraph W of this Order is amended to provide that the hearing on October 18, 2018, will be held at 10:00 a.m.**

**SO ORDERED.**
**SIGNED this 24th day of July, 2018**

*/s/ Suzanne H. Bauknight*
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION AT KNOXVILLE

IN RE:

INDUSTRIAL FABRICATION & REPAIR, INC.

Case No. 3:18-30530-SHB
Chapter 11

Debtor & Debtor in Possession

## THIRD ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This contested matter came before the Court for hearing on March 1, 2018, (the "Hearing") on the Motion for an Order Authorizing Debtor-in-Possession to use Cash Collateral and for Emergency Hearing [Dkt Entry #: 8] (the "Motion") filed by Industrial Fabrication & Repair, Inc. (the "Debtor") and Objection to the Motion [Dkt Entry #: 17] (the "Objection") filed by Southeast Community Capital Corporation d/b/a Pathway Lending ("Pathway"), seeking authorization to use cash collateral of Pathway. The Court entered an interim cash collateral order on March 1, 2018 [Dkt Entry #21], and the matter was further set for hearing on April 5, 2018. On March 30, 2018, the United States, on behalf of the Internal Revenue Service ("IRS")

filed an objection to the interim cash collateral order. On July 19, 2018, counsel for the debtor, and the United States Trustee appeared for the hearing and announced an agreement concerning the debtor's use of cash collateral. The Court thereby finds that the parties agree as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter and the parties in interest, properties and interests affected hereby pursuant to 28 U.S.C. § 157(b) and § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(M),(N) and (O). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and § 1409. The statutory and procedural predicates for relief are 11 U.S.C. § 363 and Fed. R. Bankr. P. 4001(b).

## BACKGROUND FACTS

2. On February 27, 2018 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Title 11 United States Code (the "Bankruptcy Code").

3. As of the date of the filing of this Motion, the Debtor is in possession of its property and pursuant to 11 U.S.C. § 1108 remains in control of its businesses as no Trustee has been appointed in these cases. As of the date of filing this Motion, no committee of unsecured creditors has been appointed.

4. The Debtor operates a business that performs welding, machine work, and custom construction work with an office and facility located at 2415 Sycamore Drive Knoxville, Tennessee 37921.

5. Pathway and the Debtor are parties to multiple Loan Agreements, Promissory Notes, Security Agreements, Deeds of Trust, and other documents (the "Loans") dating back to April 15, 2013, (as amended, modified, restated or supplemented, the "Loan Agreements"), pursuant to which Pathway has made certain revolving credit loans (collectively, and including all principal,

interest and costs and expenses related thereto, the "Revolving Credit Loans") to the Debtor. A summary of the Loan Agreements is summarized and incorporated herein by reference as outlined in Collective Exhibit A attached hereto.

6. As of the Petition Date, Pathway is owed no less than $2,513,722.90 (the "Obligations") summarized by each Loan as follows:

| Loan # | Principal | Accrued Interest | Fees | Total |
|---|---|---|---|---|
| 1746-01 | $970,161.53 | $ 109,667.11 | $ 1,779.69 | $1,081,608.33 |
| 1746-02 | $132,267.56 | $25,708.17 | $700.00 | $158,675.73 |
| 1746-03 | $ 479,526.11 | $84,974.38 | $2,509.04 | $567,009.53 |
| 1746-04 | $ 607,212.46 | $ 99,216.85 | - | $706,429.31 |
|  |  |  | Total | $2,513,722.90 |

7. To secure the payment and performance of all of the Obligations under the Loan Agreements, the Debtor granted to Pathway a first priority continuing security interest in and lien upon all or substantially all of the Debtor's personal property, including, without limitation, all accounts, general intangibles, documents, instruments, chattel paper, goods, inventory, equipment, fixtures, deposit accounts, investment property, letter-of-credit rights, commercial tort claims, supporting obligations, books and records, and all products and proceeds of any of the foregoing (collectively, and as more particularly defined in the Loan Agreements, the "Collateral" or "Cash Collateral"). Pathway agrees that this interest and lien does not apply to the Debtor's vehicles, as the Loan Agreements were not originally secured against them. Further, the Parties agree that the vehicles are of insufficient value to generate any cash collateral.

8. Pathway perfected its security interests in and liens upon the Collateral by, among other things, filing a series of UCC-1 financing statements in the Office of the Secretary of State of Tennessee, naming the Debtor as debtor and Pathway as secured party and describing the

Collateral. True and correct copies of the financing statements are listed and are incorporated herein by reference as outlined in <u>Collective Exhibit A</u>.

9. Accordingly, Pathway asserts that it properly holds a perfected security interest in Debtor's Cash Collateral as defined in 11 U.S.C. § 363(a). Upon information and belief, the Debtor does not dispute that Pathway holds a properly perfected security interest in Debtor's Cash Collateral and Collateral as defined in 11 U.S.C. § 363(a); provided however, nothing in this Order shall constitute an adjudication as to the validity, extent, or priority of Pathway's liens in the Debtor's property. All rights of the parties in interest as to the validity, extent, or priority of Pathway's liens in the Cash Collateral and Collateral are hereby reserved for determination upon entry of a final order on the use of cash collateral. Nothing in this Order shall be construed as an improvement of Pathway's liens or security interest since the Petition Date.

10. Under the Loan Agreements, the Debtor is required to adhere to certain financial and borrowing covenants as outlined in the Borrowing Base formulas and loan covenants.

11. The IRS filed a proof of claim for tax liabilities owed in the total amount of $1,021,452.86, of which $212,073.97 is a secured claim pursuant to 11 U.S.C. § 506(a), $631,909.42 is an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(7), and $177,469.47 is a general unsecured claim.

12. The IRS has a lien interest on all of Debtor's property and rights to property by virtue of a Notice of Federal Tax Lien ("NFTL") filed with the Knox County Register of Deeds on August 1, 2016. A true and correct copy of the NFTL is attached hereto as Exhibit B.

13. Pursuant to 26 U.S.C. § 6323(c), the IRS has a superior lien on all accounts receivable, inventory, and cash arising after forty-five days following the filing of the NFTL, which was September 15, 2016.

14. The Debtor experienced financial difficulties, and Events of Default under the Loan Agreements have occurred.

15. The Debtor does not own any assets or property of material value other than the Collateral, and in order to continue to operate its business in Chapter 11 and to formulate a plan of reorganization he will need to use Cash Collateral and the other Collateral. Pathway and the United States object to the Debtor's use of the Cash Collateral.

16. After reviewing the Motion filed by the Debtor and the Objections filed by Pathway and the United States, the Court will conditionally grant the Motion, but the Debtor's use of the Cash Collateral will be subject to the Debtor's continued compliance with the adequate protection provided by and the other terms and conditions of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

A. All findings of fact that are or may be deemed conclusions of law are hereby incorporated as conclusions of law.

B. The Debtor is hereby authorized to use or consume Cash Collateral during the time from the Petition Date until Monday, October 31, 2018 at 6:00 P.M. Eastern Standard Time (the "Interim Period"), unless said authorization is terminated at the final hearing on the Motion or otherwise, only in the amounts and only for those items provide for in the Cash Collateral and expenditure budget prepared by the Debtor that is attached to this Order as Exhibit C (the "Budget") plus the payment of quarterly fees due to the United States Trustee. The Budget includes an adequate protection payment payable to Pathway in the amount of $625.00 per week to be paid by the Debtor on every Friday for the month of April, $825.00 per week for the month of May, and $1,025 per week for the month of June during the Interim Period. The Budget also includes an adequate protection payment payable to the IRS for $3,000 per month during the

Interim Period. The first payment to the IRS shall occur not later than April 30, 2018 and will be made to the United States Attorney's Office for the Eastern District of Tennessee, c/o the Financial Litigation Unit, 800 Market Street, Suite 211, Knoxville, Tennessee 37902. The adequate protection payments to the IRS shall continue every month thereafter on the 15th day of the month to be sent to the United States Attorney's Office as stated above until the Debtor remits its first payment to the IRS under a confirmed plan of reorganization, at which time said plan payments shall be made directly to the IRS, Attention: Kenya L. Bufford, 801 Broadway, MDP 146, Room 285, Nashville, Tennessee 37203, pursuant to the terms of the confirmed plan of reorganization (if no terms are specified in the confirmed plan, then by the 15th day of each month). Debtor is not authorized to use or to consume Cash Collateral (a) for anything that is not a line item in the Budget, the quarterly fees to the United States Trustee or (b) in an amount more than one five percent (5%) of any line item in the Budget during any calendar week without the prior written consent of Pathway and the United States or an Order of this Court after notice and an hearing.

C. As adequate protection for the use and consumption of the Collateral, Pathway is hereby granted replacement liens and security interests in all of the same post-petition property of the Debtor and with the same priority as Pathway has in the Debtor's prepetition Cash Collateral and Collateral.

D. As additional adequate protection for Pathway, Pathway is hereby granted an allowed superpriority administrative claim pursuant to 11 U.S.C. § 507(b) to the extent the terms of the Order prove insufficient to adequately protect the interest of Pathway for use of Cash Collateral.

E. The Debtor also shall promptly provide Pathway with the following items and reporting to counsel for Pathway and Officers of Pathway:

a. on or before 5:00 p.m. on every other Monday immediately following the entry of this Order, (i) a written report for the immediately preceding fourteen (14) day period that accurately reflects (A) all cash and revenues received by the Debtor specifying all amounts received from (a) Shear Blade Sales and Parts Sales: (b) Pump Repairs; (c) Machine Shop, Welding, and Fabrication; (d) Total Sales; and (e) Gross Profit; (ii) all expenditures by the Debtor, and (iii) the amount of cash on hand;

b. an accounting, listing and itemization of all expenditures and use of Cash Collateral since the Petition Date;

c. at Pathway's request, any additional financial and reporting information Pathway may reasonably require, together with access to all of the Debtor's property and accounting and financial records during reasonable business hours

F.  The IRS, without further action or documentation, is granted a replacement lien under 11 U.S.C. § 361(2) and 11 U.S.C. § 363(f)(3) to the same extent, validity, and priority that existed in the pre-petition property of the bankruptcy estate that secures the indebtedness owed to the IRS, including, but not limited to, all of the Debtor's accounts receivable, inventory, and cash to the extent its lien existed at filing.

G. The replacement liens and security interests granted by this Order are automatically deemed perfected upon entry of this Order without other filings or recordings, although Pathway is authorized to file and/or record the liens and security interests granted by this Order as Pathway deems appropriate.

H. Subject to prior notice and approval by counsel for the Debtor, which shall not be unreasonably withheld, representatives of Pathway may visit and remain on the business premises of the Debtor to conduct an inventory, audit or inspection of the Collateral and use of

Cash Collateral, and to verify or to obtain supporting details concerning the financial information provided to Pathway under this Order.

I. Pathway and the United States retain the right to request further protection of their interests in the Collateral, to seek the appointment of a trustee or examiner or the dismissal of this case, to request any other relief and to assert their entitlement to the benefits of Section 507(b) of the Bankruptcy Code in connection with any use, sale or other disposition of any of the Collateral to the extent the protection afforded by this Order proves to be inadequate.

J. The Debtor shall deposit any and all required employment taxes on the first business day after payroll is made.

K. The Debtor shall file all post-petition tax returns, including, but not limited to, Forms 941, when due and pay any balance thereon with said return.

L. The Debtor shall timely pay all post-petition tax liabilities.

M. The Debtor shall submit proof to the IRS that demonstrates that the Debtor is current with its tax deposits.

N. The Debtor shall bring current any and all delinquent tax deposits by April 30, 2018.

O. The Debtor shall file any and all delinquent tax returns within thirty (30) days of this order.

P. The provisions of this Order shall be effective as of the Petition Date and any actions taken pursuant thereto shall survive entry of, and shall govern with respect to any conflict with any order which may be entered dismissing this case.

Q. In taking or refraining from any actions related to or in connection with this Order, Pathway shall not be liable to any entity or deemed to be in control of or to be acting as Debtor's employer, employee, officer, contractor or agent or as a "responsible person" with respect to the

operation or management of the Debtor, the Collateral, or any other property of the Debtor's estate.

R. If any of the provisions of this Order are modified, vacated or stayed, such stay, modification or vacation shall not affect the validity of the respective liens, security interests and administrative claims granted to Pathway and the United States by this Order. Debtor's use of the Cash Collateral prior to Pathway and the United States receiving notice of such stay, modification or vacation shall be governed by the original terms of this Order.

S. Upon at least two (2) days written notice to the other, the Debtor, Pathway, or the United States may request a hearing for the purpose of modifying, amending or terminating this Order.

T. The Debtor shall timely pay all quarterly fees due to the United States Trustee as required pursuant to 28 U.S.C. § 1930(a)(6).

U. The Debtor shall timely file all monthly operating reports during the administration of the instant case.

V. Upon the Debtor's failure to timely comply with the provisions of this Order, the U.S. Trustee, U.S. Attorney, or Pathway may certify said failure to the Court and request a hearing to determine whether the case should be dismissed or converted to a Chapter 7 Case, whichever is in the best interest of creditors of the bankruptcy estate.

W. A copy of this Order shall be served on all known creditors and parties in interest in this case. Objections to the provisions of this Order, the Motion, and Objection must be filed with the Clerk of the Court, no later than, **September 30, 2018**. The Court will hear the Motion, the Objection and any objections to this Order, Motion, and Objection, on a final basis, on **Thursday, October 18, 2018, at 9:00am** at the United States Bankruptcy Court, Eastern District

of Tennessee, Courtroom 1 C located in the Howard H. Baker Jr. U.S. Courthouse 800 Market Street, Suite 330, Knoxville, TN 37902.

IT IS SO ORDERED.

STIPULATED & APPROVED FOR ENTRY:

QUIST, FITZPATRICK & JARRARD, PLLC

/s/ Ryan E. Jarrard
Michael H. Fitzpatrick, Esq. (BPR 006033)
Ryan E. Jarrard, Esq. (BPR 024525)
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929
(865) 524-1873
Email: rej@qcflaw.com

*Attorneys for Debtor in Possession*

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ Robert R. Carl
Robert R. Carl (BPR 17911)
265 Brookview Centre Way
Suite 600
Knoxville, TN 37919
Telephone: 865.971.5162
Email: rcarl@bakerdonelson.com

/s/ R. Spencer Clift, III
R. Spencer Clift, III (BPR 20445)
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
Telephone: (901)577-2216
Email: sclift@bakerdonelson.com

*Attorneys for Southeast Community Capital Corporation d/b/a Pathway Lending*

J. DOUGLAS OVERBEY
United States Attorney


/s/ Kenny L. Saffles
Kenny L. Saffles  (BPR 023870)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee  37902
(865) 545-4167
Email: Kenny.Saffles@usdoj.gov

## COLLECTIVE EXHIBIT A

### SUMMARY OF LOAN DOCUMENTS

1. Loan Nos. 1746-01 & 1746-02 - Loan Agreement dated April 15, 2013;
2. Loan No. 1746.03 - Loan Agreement dated April 15, 2013;
3. Loan No. 1746-01 - Promissory Note in the original principal amount of $1,000,000.00 dated April 15, 2013;
4. Loan No. 1746-02- Line of Credit Note in the original principal amount of $150,000.00 dated April 15, 2013, as modified by that certain Modification Agreement dated January 10, 2014; as modified by that certain Modification Agreement dated December 30, 2014; and further modified by that certain Modification Agreement dated August 25, 2015;
5. Loan No. 1746-03 - Promissory Note dated April 15, 2013 in the original principal amount of $828,000.00;
6. Loan No. 1746-04 - The Business Manager Agreement dated January 10, 2014;
7. That certain Security Agreement dated April 15, 2013;
8. That certain Security Agreement dated April 15, 2013;
9. That certain Pledge and Security Agreement dated April 15, 2013 executed by Steven Dorrough, as Pledgor, conveying, pledging, assigning, transferring, setting over, and delivering a security interest to Pathway of 1,000 shares of Stock in the Debtor;
10. That certain Pledge and Security Agreement dated April 15, 2013 executed by Stanley Mac Phillips, as Pledgor, conveying, pledging, assigning, transferring, setting over, and delivering a security interest to Pathway of 1,000 shares of Stock in the Debtor;
11. That certain Deed of Trust, Assignment of Leases, and Security Agreement executed by the Debtor dated April 15, 2013, of record in the Register's Office of Knox County, Tennessee (the "Register's Office") as Instrument Number 201304180068375, recorded on April 18, 2013;
12. That certain Deed of Trust, Assignment of Leases, and Security Agreement executed by Stanley Mac Phillips and Clarinda C. Phillips dated April 15, 2013, of record in the Register's Office as Instrument Number 201306200084122, recorded on June 20, 2013;
13. That certain UCC-1 Financing Statement (Fixture Filing) of record in the Register's Office as Instrument Number 201304180068376 recorded on April 18, 2013;
14. That certain UCC-1 Financing Statement perfecting Pathway's security interest in all assets of the Debtor of record in the Office of the Tennessee Secretary of State assigned File Number 213-130653 recorded on April 16, 2013, as continued by that certain UCC-3 Financing Statement Amendment filed on January 3, 2018, assigned File Number 428-039624;
15. That certain UCC-1 Financing Statement perfecting Pathway's security interest in all assets of the Debtor of record in the Office of the Tennessee Secretary of State assigned File Number 213-130654 recorded on April 16, 2013, as continued by that certain UCC-3 Financing Statement Amendment filed on October 26, 2017, assigned File Number 427-713741;
16. That certain UCC-1 Financing Statement perfecting Pathway's security interest in all inventory, chattel paper, accounts, equipment, and general intangibles of the Debtor of record in the Office of the Tennessee Secretary of State assigned File Number 420-980753 recorded on January 14, 2014, as amended by that certain UCC-3 Financing Amendment filed on January 28, 2014, assigned File Number 421-038989;

17. That certain UCC-1 Financing Statement perfecting Pathway's security interest in all stock of the Debtor owned by Steven Travis Dorrough of record in the Office of the Tennessee Secretary of State assigned File Number 213-130655 recorded on April 16, 2013;

18. That certain UCC-1 Financing Statement perfecting Pathway's security interest in all stock of the Debtor owned by Stanley Mac Phillips of record in the Office of the Tennessee Secretary of State assigned File Number 213-130656 recorded on April 16, 2013;

Exhibit C

Budget




11:30 AM
12/05/17
Accrual Basis

**Industrial Fabrication & Repair, Inc.**
**Profit & Loss**
January through November 2017

### MONTHLY STATEMENT OF OPERATIONS
### FOR FISCAL YEAR 2018

| | 7/31/2018 | 8/31/2018 | 09/30/2018 | 10/31/2018 | 11/30/2018 | 12/31/2018 | TOTAL 2018 |
|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | |
| **Income** | | | | | | | |
| E2Incom · E2PartIncomeAcct | 247,000.00 | 189,000.00 | 322,000.00 | 209,000.00 | 188,100.00 | 197,505.00 | 1,352,605.00 |
| 32000 · Returns & Allowances | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 32500 · Sales - Discount | -2,633.71 | -2,087.41 | -1,754.09 | -1,548.40 | -4,022.13 | -4,111.89 | -16,157.63 |
| 34000 · Delivery Charges | 29.59 | 417.52 | 166.69 | 887.86 | 274.69 | 536.58 | 2,312.93 |
| 34500 · Miscellaneous Income | 0.00 | 0.00 | 900.00 | 0.00 | 0.00 | 0.00 | 900.00 |
| **Total Income** | 244,395.88 | 187,330.11 | 321,312.60 | 208,339.46 | 184,352.56 | 193,929.69 | 1,339,660.30 |
| **Cost of Goods Sold** | | | | | | | |
| 40920 · Paint Supplies | 925.00 | 583.79 | 35.13 | 79.44 | 345.52 | 58.98 | 2,027.86 |
| 40900 · Shop Expenses | | | | | | | |
| 41000 · Hardware | 770.00 | 655.90 | 872.35 | 441.30 | 106.28 | 278.70 | 3,124.53 |
| 65700 · General Warehouse Exp | 2,227.88 | 1,835.06 | 2,440.63 | 3,246.04 | 2,274.05 | 1,204.08 | 13,227.74 |
| 53900 · Small Tools | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 53000 · Machining Expense | 1,650.00 | 674.49 | 1,163.07 | 1,546.89 | 2,424.06 | 2,534.42 | 10,192.93 |
| 40910 · Shop Supplies | 55.54 | 394.97 | 525.31 | 698.66 | 572.48 | 1,341.32 | 3,588.28 |
| 54200 · Shop Outside Repair Services | 4,400.00 | 10,667.98 | 5,188.00 | 4,909.00 | 2,526.78 | 1,525.00 | 29,216.76 |
| 52500 · Welding Expense | 988.36 | 2,650.40 | 3,525.03 | 4,688.29 | 3,563.42 | 3,483.86 | 18,899.36 |
| 40900 · Shop Expenses - Other | 166.53 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 166.53 |
| **Total 40900 · Shop Expenses** | 10,258.31 | 17,078.80 | 13,714.39 | 15,530.18 | 11,467.07 | 10,367.38 | 78,416.13 |
| E2COGS · E2PartCOGSAcct | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 42000 · Freight Charges | 1,124.89 | 521.90 | 743.41 | 1,576.01 | 223.90 | 1,056.12 | 5,246.23 |
| 40600 · Cost of Sales Material | | | | | | | |
| 40616 · Cost of Sales Material - HS | 924.53 | 772.86 | 716.83 | 2,366.25 | 1,904.70 | 1,630.51 | 8,315.68 |
| 40611 · Cost of Sales Material - FS | 22,000.00 | 7,999.29 | 9,741.27 | 8,100.00 | 5,875.00 | 17,088.00 | 70,803.56 |
| 40614 · Cost of Sales Material - RS | 0.00 | 0.00 | 0.00 | 3,312.04 | 201.82 | 0.00 | 3,513.86 |
| 40612 · Cost of Sales Material - GS | 19,146.36 | 8,595.39 | 9,159.00 | 7,948.29 | 9,940.69 | 18,331.96 | 73,121.69 |
| 40610 · Cost of Sales Material - BS | 1,982.35 | 4,611.10 | 13,833.30 | 4,745.59 | 1,759.38 | 1,301.59 | 28,233.31 |
| 40600 · Cost of Sales Material - Other | 26,224.00 | 52,697.00 | 34,277.00 | 19,200.00 | 17,100.00 | 11,000.00 | 160,498.00 |
| **Total 40600 · Cost of Sales Material** | 70,277.24 | 74,675.64 | 67,727.40 | 45,672.17 | 36,781.59 | 49,352.06 | 344,486.10 |
| 40700 · Cost of Sales Labor (No Burden) | | | | | | | |
| 40715 · Employee Leasing | 0.00 | 0.00 | 0.00 | 0.00 | 8,519.64 | 19,053.21 | 27,572.85 |
| 40716 · Cost of Sales Labor - HS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 40711 · Cost of Sales Labor - FS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 40712 · Cost of Sales Labor - GS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 40710 · Cost of Sales Labor - BS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 40714 · Cost of Sales Labor - RS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 40700 · Cost of Sales Labor (No Burden) - Other | 56,000.00 | 31,837.00 | 76,000.00 | 56,000.00 | 56,600.00 | 61,000.00 | 337,437.00 |
| **Total 40700 · Cost of Sales Labor (No Burden)** | 56,000.00 | 31,837.00 | 76,000.00 | 56,000.00 | 56,600.00 | 61,000.00 | 337,437.00 |
| 40701 · Cost of Sales Labor (Burden) | 22,296.00 | 21,672.00 | 0.00 | 0.00 | 0.00 | 0.00 | 43,968.00 |
| 43500 · Purchase Discounts | -71.18 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -71.18 |
| **Total COGS** | 160,810.26 | 146,369.13 | 158,220.33 | 118,857.80 | 105,418.08 | 121,834.54 | 811,510.14 |
| **Gross Profit** | 83,585.62 | 40,960.98 | 163,092.27 | 89,481.66 | 78,934.48 | 72,095.15 | 528,150.16 |
| | 34.20% | 21.87% | 50.76% | 42.95% | 42.82% | 37.18% | 39.42% |
| **Expense** | | | | | | | |
| 58755 · Promotional Events | 0.00 | 600.00 | 0.00 | 0.00 | 0.00 | 741.76 | 1,341.76 |
| 67500 · Advertising Expense | 0.00 | 0.00 | 0.00 | 325.70 | 187.00 | 9.27 | 521.97 |
| 50110 · Salaries - Officers | 7,000.00 | 8,750.00 | 7,000.00 | 8,750.00 | 7,000.00 | 7,000.00 | 45,500.00 |
| 66002 · Payroll | | | | | | | |

Page 1 of 3

11:30 AM
12/05/17
Accrual Basis

## Industrial Fabrication & Repair, Inc.
### Profit & Loss
January through November 2017

| | 7/31/2018 | 8/31/2018 | 09/30/2018 | 10/31/2018 | 11/30/2018 | 12/31/2018 | 2018 |
|---|---|---|---|---|---|---|---|
| 50500 · Labor-Cost Out to Jobs | -77,000.00 | -53,509.00 | -76,000.00 | -56,000.00 | -56,600.00 | -61,000.00 | -380,109.00 |
| 50150 · Incentive Pay | 888.38 | 712.21 | 630.45 | 852.57 | 551.59 | 598.00 | 4,233.20 |
| 58700 · Employee Health reimbursement | 6,379.42 | 5,215.38 | 5,150.88 | 6,366.60 | 4,610.88 | 4,310.88 | 32,034.04 |
| 50160 · Vacation Pay | 1,500.00 | 356.00 | 1,410.00 | 3,190.00 | 3,431.00 | 1,691.50 | 11,578.50 |
| 66001 · Payroll Expenses | 86,546.71 | 64,000.00 | 90,098.76 | 63,757.00 | 68,204.00 | 74,296.00 | 446,902.47 |
| 66002 · Payroll - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total 66002 · Payroll-Other than COS | 18,314.51 | 16,774.59 | 21,290.09 | 18,166.17 | 20,197.47 | 19,896.38 | 114,639.21 |
| 54000 · Insurance | | | | | | | |
| 58750 · Employee Group Life Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 58800 · Key Man Life Insurance | 2,185.24 | 2,185.24 | 2,185.24 | 2,185.24 | 2,185.24 | 2,185.24 | 13,111.44 |
| 58100 · Vehicle/Auto Insurance | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 13,200.00 |
| 58500 · Liability & Property Insuranc | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 6,600.00 |
| 58600 · Workers' Comp Insurance | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 12,600.00 |
| Total 54000 · Insurance | 7,585.24 | 7,585.24 | 7,585.24 | 7,585.24 | 7,585.24 | 7,585.24 | 45,511.44 |
| 56000 · Repairs & Maint. | | | | | | | |
| 56750 · R/M Yard Crane | 856.52 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 856.52 |
| 55700 · R/M Cat. Tow Motor T100D | 192.00 | 192.00 | 192.00 | 0.00 | 0.00 | 192.00 | 768.00 |
| 55450 · R/M Tow Motor 6000H | 0.00 | 0.00 | 0.00 | 192.00 | 192.00 | 0.00 | 384.00 |
| 57300 · Equipment/Systems Repair | 1,498.00 | 350.41 | 0.00 | 0.00 | 412.50 | 0.00 | 2,260.91 |
| 56000 · Repairs & Maint. - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,150.00 | 1,150.00 |
| Total 56000 · Repairs & Maint. | 2,546.52 | 542.41 | 192.00 | 192.00 | 604.50 | 1,342.00 | 5,419.43 |
| 54150 · Vehicle Repairs and Maint | | | | | | | |
| 55370 · R/M 2000 FORD F150 RED | 500.00 | 500.00 | 244.56 | 0.00 | 0.00 | 150.00 | 1,394.56 |
| 55450 · R/M 2000 CHEV GM White Flatbed | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 800.00 |
| 54150 · Vehicle Repairs and Maint. - Other | 750.00 | 150.00 | 0.00 | 49.17 | 753.83 | 150.00 | 1,853.00 |
| Total 54150 · Vehicle Repairs and Maint | 1,650.00 | 1,050.00 | 244.56 | 49.17 | 753.83 | 300.00 | 4,047.56 |
| 66900 · Reconciliation Discrepancies | 0.00 | 0.00 | 0.00 | 0.00 | -5.58 | 0.00 | -5.58 |
| 61100 · Charitable Donations | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 21500 · Payroll Admin. Fees | 92.87 | 92.87 | 92.87 | 92.87 | 92.87 | 92.87 | 557.22 |
| 50700 · Office Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 51400 · Social Security Company | 5,450.50 | 4,398.74 | 4,333.72 | 6,046.91 | 4,349.14 | 4,352.13 | 28,931.14 |
| 51500 · Medicare Company | 1,274.71 | 1,028.72 | 1,013.56 | 1,414.18 | 1,017.13 | 1,017.84 | 6,766.14 |
| 51600 · Fed Unemployment Taxes | 181.72 | 28.57 | 0.00 | 4.48 | 15.95 | 43.30 | 274.02 |
| 51800 · State Unemployment Taxes | 102.38 | 31.45 | 0.00 | 1.87 | 3.40 | 8.41 | 147.51 |
| 52000 · Office Expense | 1,135.10 | 334.96 | 165.38 | 285.33 | 413.08 | 573.89 | 2,907.74 |
| 54400 · Gas Expense | 2,974.40 | 1,846.53 | 2,002.15 | 2,657.84 | 1,888.39 | 1,477.00 | 12,846.31 |
| 57000 · Entertainment | 0.00 | 0.00 | 0.00 | 37.56 | 0.00 | 0.00 | 37.56 |
| 57100 · Repairs & Maint. (Shop Equip) | 0.00 | 0.00 | 55.89 | 96.35 | 0.00 | 0.00 | 152.24 |
| 600 Adequate Protection Paymants | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 9,200.00 | 55,200.00 |
| 60400 · Bus & Lic-A Corp Report | 0.00 | 0.00 | 0.00 | 1,100.00 | 20.47 | 0.00 | 1,120.47 |
| 60500 · Licenses | 747.23 | 300.00 | 0.00 | 1,100.00 | 0.00 | 0.00 | 2,147.23 |
| 60800 · Customer Goodwill | 153.01 | 0.00 | 0.00 | 49.48 | 0.00 | 6.50 | 208.97 |
| 61000 · Miscellaneous Expense | 425.00 | 467.50 | 514.25 | 565.68 | 622.24 | 684.47 | 3,279.13 |
| 61200 · IT Expense | 1,096.33 | 3,070.32 | 1,605.00 | 1,662.00 | 1,946.00 | 1,619.50 | 10,999.15 |
| 61300 · Internet/E-Bay Expense | 15.66 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.66 |
| 61500 · Selling Expense | 0.00 | 0.00 | 1,810.00 | 0.00 | 0.00 | 0.00 | 1,810.00 |
| 62000 · Postage | 140.00 | 100.00 | 49.00 | 150.00 | 100.00 | 50.00 | 589.00 |
| 62300 · Legal Fees | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 18,000.00 |
| 62500 · Professional Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 62600 · Consulting Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 63500 · Facility Repairs & Maint | 500.00 | 500.00 | 1,442.00 | 1,209.00 | 3,116.00 | 1,085.00 | 7,852.00 |
| 64200 · Drafting Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 83.03 | 83.03 |
| 65600 · Internet Cable | 849.07 | 849.07 | 849.07 | 849.07 | 849.07 | 849.07 | 5,094.42 |
| 65500 · Telephone | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 1,100.00 | 6,600.00 |
| 66000 · Travel Expense | 1,500.00 | 1,100.00 | 1,500.00 | 532.84 | 677.41 | 1,000.00 | 6,310.25 |
| Trustee Fees | 4,875.00 | | | 4,875.00 | | | |
| 66500 · Uniforms | 1,147.39 | 1,087.28 | 1,265.30 | 1,103.65 | 938.78 | 1,281.31 | 6,823.71 |
| 67000 · Utilities | 4,200.00 | 4,200.00 | 4,400.00 | 4,400.00 | 4,200.00 | 3,800.00 | 25,200.00 |
| 67600 · Copier Rental Expense | 851.32 | 603.32 | 205.44 | 240.44 | 0.00 | 0.00 | 1,900.52 |

Page 2 of 3

11:30 AM
12/05/17
Accrual Basis

# Industrial Fabrication & Repair, Inc.
## Profit & Loss
January through November 2017

| | 7/31/2018 | 8/31/2018 | 09/30/2018 | 10/31/2018 | 11/30/2018 | 12/31/2018 | 2018 |
|---|---|---|---|---|---|---|---|
| 67800 · Bad Debt | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 67900 · Bank and Service Charges | | | | | | | |
| 60100 · Late Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 60200 · Finance Charges | 13.11 | 11.73 | 11.37 | 10.31 | 0.00 | 49.87 | 96.39 |
| 67910 · MERCHANT FEE | 2,100.00 | 2,200.00 | 1,846.97 | 2,471.54 | 2,200.00 | 1,600.00 | 12,418.51 |
| 67905 · NSF FEE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 67900 · Bank and Service Charges - Other | 164.28 | 57.25 | 163.69 | 57.00 | 0.00 | 86.00 | 528.22 |
| Total 67900 · Bank and Service Charges | 2,277.39 | 2,268.98 | 2,022.03 | 2,538.85 | 2,200.00 | 1,735.87 | 13,043.12 |
| 85600 · Taxes State F & E | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 51950 · Interest on Taxes Due | 0.00 | 0.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.42 |
| 87000 · Tax Penalties | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 90000 · Suspense Account | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Expense | $ 80,385.35 | $ 70,910.97 | $ 72,937.55 | $ 79,381.66 | $ 72,072.41 | $ 69,934.84 | $ 435,872.77 |
| Net Ordinary Income | $ 3,200.27 | $ 29,949.99 | $ 90,154.72 | $ 10,100.01 | $ 6,862.07 | $ 2,160.31 | $ 82,527.39 |
| Net Income | $ 3,200.27 | $ 29,949.99 | $ 90,154.72 | $ 10,100.01 | $ 6,862.07 | $ 2,160.31 | $ 82,527.39 |

(PREPARED BY MANAGEMENT AND SUBJECT TO FINAL ADJUSTMENTS)

Page 3 of 3

1872            COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 3:18-BK-30530-SHB | Lien Recorded : 08/01/2016 - 00:00AM<br>Recording Number: 201608010007200<br>UCC Number :<br>Liber :<br>Page : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #5<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 222510816 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  INDUSTRIAL FABRICATION & REPAIR INC, a C

Residence:
  2415 SYCAMORE DR
  KNOXVILLE, TN 37921

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 941 | 03/31/2013 | 62-1110497 | 05/19/2014 | 06/18/2024 | $17,644.96 |
| 940 | 12/31/2013 | 62-1110497 | 05/19/2014 | 06/18/2024 | $1,467.95 |
| 941 | 09/30/2014 | 62-1110497 | 04/13/2015 | 05/13/2025 | $81,773.22 |
| 940 | 12/31/2014 | 62-1110497 | 04/27/2015 | 05/27/2025 | $1,359.79 |
| 941 | 12/31/2014 | 62-1110497 | 04/13/2015 | 05/13/2025 | $118,142.64 |

| Filed at: Register of Deeds<br>Knox County<br>Knoxville, TN 37902 | Total | $220,388.56 |
|---|---|---|

This notice was prepared and executed at NASHVILLE, TN
on this, the 25th day of July, 2016.

| Authorizing Official:<br>JEFFREY ROBARDS | Title:<br>REVENUE OFFICER    25-06-2444 |
|---|---|

EXHIBIT B